IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JERRY BROSEH | § | |
| v. | § | CIVIL ACTION NO. 9:11cv92 |
| | | (Consolidated with 9:11cv131, 9:11cv132, |
| MARY LANGLEY, ET AL. | § | and 9:11cv114) |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Jerry Broseh, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of prison disciplinary action taken against him. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Broseh originally case no. 9:11cv92, challenging disciplinary case no. 20110079012, for refusing housing. He later filed case no. 9:11cv114, challenging disciplinary case no. 20110080564. which was also for refusing housing. These two petitions were consolidated. Later, case no.'s 9:11cv131 and 9:11cv132, both of which challenged case no. 20110086920, for threatening an officer, were also made a part of case no. 9:11cv92, which is the lead case. For purposes of convenience, the last three digits of the disciplinary cases shall be used to refer to them.

The Respondent was ordered to answer the petitions and has done so. However, this response overlooked case no. 564, and so that case will be addressed separately.

In disciplinary case no. 012, the records showed that Broseh did not lose any good time, and therefore failed to show the deprivation of a constitutionally protected liberty interest. Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995). Hence, the Magistrate Judge recommended that Broseh's claim for habeas corpus relief on this case be denied.

In case no. 920, Broseh raised four claims in his federal habeas corpus petition - he asserted that (1) the hearing record showed that he was not found guilty; (2) there is no listed punishment of "phone restrictions" but TDCJ inflicts cruel and unusual punishment and subjects him to double jeopardy by imposing phone restrictions every time an inmate receives a disciplinary case; (3) he was not allowed to review the disciplinary tape before appealing, and (4) his mandatory supervision release date was altered by the punishment imposed. Of these four claims, Broseh raised only one, the claim that there was no finding of guilt, in his Step One grievance appealing the case, and he did not raise any of these claims in his Step Two grievance. Consequently, the Respondent argued, and the Magistrate Judge agreed, that Broseh had failed to exhaust his administrative remedies on any of his claims because none of them were presented through both steps of the grievance procedure. *See* Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004) (prisoner must pursue claims through both steps of the grievance procedure to consider it exhausted); Lerma v. Estelle, 585 F.2d 1297, 1299 (5th Cir. 1978) (inmates seeking habeas corpus relief from prison disciplinary cases must exhaust available administrative remedies). Because Broseh failed to show the deprivation of a liberty interest with regard to case no. 012, and failed to exhaust his administrative remedies with regard to case no. 920, the Magistrate Judge recommended that the petition be dismissed.

As noted above, case no. 564, which was contained in civil action no. 9:11cv114, was inadvertently overlooked. According to Broseh's petition in that case, he did not lose any good time. Consequently, as in case no. 012, Broseh has failed to show that he was deprived of a constitutionally protected liberty interest, and so the case should be dismissed on that basis. Sandin, 115 S.Ct. at 2301; Malchi, 211 F.3d 953, 959 (5th Cir. 2000). The same reasoning used by the Magistrate Judge in discussing case no. 012 is also applicable to case no. 564.

In his objections to the Magistrate Judge's Report, Broseh says that he received three disciplinary cases for refusing housing and one for threatening an officer. He describes these hearing as a "face and a pretense" which "severely departed from established guidelines."

After referring to a Texas criminal statute concerning the violation of civil rights of incarcerated persons, Broseh goes into great detail on the procedural violations which he says

occurred in the disciplinary hearings, including allegations of the denial of the right to a full and fair hearing and appointment of an unbiased counsel substitute, denial of an interrupted tape recording of the hearing, denial of a fair and unbiased hearing officer, denial of documentary evidence, denial of the right to confront adverse witnesses, including the warden, denial of the right to call favorable witnesses, denial of a proper written finding of guilt, denial of the right to take a proper appeal, and denial of the right of access to court in that he was not allowed to file criminal charges on the warden.

Broseh argues that the defective disciplinary hearings combined to "deprive the petitioner of his parole related 'liberty interests' in that such alleged infractions constitute a marred behavior institutional behavior record which is considered by the Parole Board members." He also claims that the loss of good time credits "extended the petitioner's actual discharge date." Broseh contends that "only a reversal and the restoration of the good time credits would have satisfactorily resolved this liberty interest concerning parole reviews and discharge calculation dates."

Turning specifically to the Magistrate Judge's Report, Broseh says that the Magistrate Judge "increased the burden to challenge these defective disciplinary proceedings" by failing to order an evidentiary hearing and fairly review his medical records, the audio recording of the hearing, his institutional behavior records, the denial of medication for his respiratory infections, and the requests made by Broseh and his family to transfer him to another prison unit free from mold spores.

Broseh complains that the Court did not provide him with copies of documents which had been damaged by the rain, even though the docket reflects that the Court ordered that copies of certain pleadings on file be sent to him. He also asserts that his complaint includes four disciplinary cases, although one of these, which he numbers as 2001007085, does not appear in any of his petitions.

Next, Broseh complains that the Magistrate Judge did not address his most serious claim, which was that no guilt finding was indicated in cause no. 920, which Broseh received for threatening an officer. As explained above, however, Broseh did not present this claim in his Step Two grievance, and thus failed to exhaust his administrative remedies on the claim.

With regard to the exhaustion issue, Broseh says that the disciplinary cases were "interconnected and consolidated" because they were all issued by the same people and were directed at him in a 12-day period. He says that the Warden and the Magistrate Judge postulate that "the writs should be dismissed because the petitioner failed in some fantastical strict legal standard to draft his administrative appeals, pleadings, and writs in the same professional manner as what a licensed attorney would." This is incorrect; as the Fifth Circuit has made clear, inmates seeking relief from prison disciplinary cases must exhaust their available administrative remedies. Lerma, 585 F.2d at 1299. Far from requiring that pleadings meet the same standard as would be expected of an attorney, the Fifth Circuit has explained that all that is required for effective exhaustion is that a grievance "gives prison officials a fair opportunity to address the problem that will later form the basis of the court proceeding." Johnson, 385 F.3d at 517.

In this case, Broseh's grievances wholly fail to meet even this standard. His Step Two grievances mentions none of the claims which he has presented and thus does not give the prison officials any opportunity at all to address the problems forming the basis of his petition. Instead, Broseh's Step Two grievance reads as follows:

> I am dissatisfied with the Step One response and totally amazed at the Step One finding. It is the same response on EVERY grievance. I specially pointed out the procedural errors on the face of Disciplinary Case #20110086920. There are facts outlined in the TDCJ policies, yet I received the same blanket response. I respectfully ask for a complete investigation by Region as I feel this grievance was not properly investigated at Step One level.

Thus, Broseh's grievance raises no complaints at all about the disciplinary case; instead, it complains about the adequacy of the grievance procedure itself. The Magistrate Judge correctly determined that Broseh failed to exhaust his administrative remedies, and his objection on this point is without merit.

Turning to the other issue, Broseh states that he objects to the Magistrate Judge's "misapplication and misinterpretation" of Sandin and Wolff v. McDonnell, 418 U.S. 539 (1974). He argues that any interest which places him outside of prison, including parole eligibility, is a "liberty interest," and that state laws, regulations, and statutes gave him a "protected liberty interest." Broseh further argues that his "mistreatments" were "definitely an atypical and significant hardship."

Broseh's contention that parole is a "protected liberty interest" has been rejected by the Fifth Circuit, which has specifically held that there is no protected liberty interest in parole in the State of Texas. Creel v. Keene, 928 F.2d 707, 708-09 (5th Cir. 1991); *see also* Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995). While Broseh refers to mandatory supervision, the disciplinary case to which the Magistrate Judge applied the principles in Sandin resulted in the loss of no good time. The Fifth Circuit has held that the timing of release on mandatory supervision is too speculative to afford prisoners a constitutionally protected liberty interest in a particular time-earning classification. Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000). Thus, the fact that Broseh was reduced in classification status does not itself afford him a protected liberty interest. *See also* Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992) (no protected liberty interest in custodial classification status).

Broseh's claim that state laws and rules gave him a "protected liberty interest" represents the principles which the Supreme Court rejected in Sandin. Instead, the Supreme Court explained that the operative interest was the nature of the deprivation. Sandin, 115 S.Ct. at 2299. Although Broseh maintains that his "mistreatments" represented atypical and significant hardships, the Magistrate Judge correctly determined that the nature of the deprivations imposed in the disciplinary case, including 3- days of cell and recreation restrictions, temporary suspension of contact visitation privileges, and a reduction in classification status, did not impose atypical and significant hardships in relation to the ordinary incidents of prison life. Malchi, 211 F.3d at 958-59. Broseh's objection on this point is without merit.

The same analysis holds true for disciplinary case no. 564. Broseh says that he lost no good time as a result of this case, but instead suffered punishments of reduction in classification status, 15 days of solitary confinement, 30 days of recreation and commissary restrictions, and 90 days of telephone restrictions. None of these punishments impose an atypical and significant hardship in relation to the ordinary incidents of prison life. Malchi, 211 F.3d at 958-59; Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996); Lewis v. Dretke, 54 Fed.Appx. 795, 2002 WL 31845293 (5th Cir., December 11, 2002) (30 days of cell and commissary restrictions, 90 days loss of telephone

privileges, 15 days of solitary confinement, and reduction in custody and classification status did not implicate any constitutionally protected liberty interests). Broseh's claim concerning this disciplinary case is without merit.[1]

Finally, Broseh says that the Magistrate Judge "assumed an adversarial stance" against him and "incorrectly sought to deny relief." He contends that an order for a federal evidentiary hearing, as well as appointment of counsel under the Criminal Justice Act, would have better served the interest of justice; had this been done, Broseh says that he could have used discovery sanctions under Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts to fully develop the facts. He also says that the Magistrate Judge improperly sought to deny him the right to appeal by recommending the denial of a certificate of appealability.

A defendant is entitled to an evidentiary hearing if he alleges facts that, if proved, would entitle him to relief, and the record reveals a genuine factual dispute about the alleged facts. Theriot v. Whitley, 18 F.3d 311, 315 (5th Cir. 1994). However, a federal district court need not conduct an evidentiary hearing if the state record is sufficient to dispose of the issues. Joseph v. Butler, 838 F.2d 786, 788 (5th Cir. 1988). In this case, the state record is sufficient to dispose of the issues, in that the records show beyond doubt that Broseh did not exhaust his state remedies in case no. 920, and did not show the violation of a constitutionally protected liberty interest in case no.'s 012 and 564. Broseh has not shown himself entitled to appointment of counsel or to an evidentiary hearing.

The Fifth Circuit has held that "it is perfectly lawful for district courts to deny COA [certificates of appealability] *sua sponte*." Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). This is because "arguably, the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right

---

[1] Although Broseh refers to disciplinary case no. 2011007085 in his objections, he does not mention this case in any of his pleadings, nor does he indicate what punishment he received for it or set out any constitutional claims regarding this case. His objections state that this case, like case no.'s 012 and 564, was for refusing housing; if, as in those two cases, Broseh lost no good time in case no. 085, he did not show the violation of a constitutionally protected liberty interest and so any habeas challenges to this case would also fail under Sandin. However, disciplinary case no. 085 is not part of any of Broseh's pleadings and thus is not before the Court.

on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." Alexander, 211 F.3d at 898. In this case, the Magistrate Judge properly concluded that Broseh's pleadings did not show that he was entitled to a certificate of appealability because he failed to demonstrate that he was denied a federal right, that the issues were debatable among jurists of reason, or that the questions were adequate to deserve encouragement to proceed further. Broseh's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, together with the Report of the Magistrate Judge and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are OVERRULED and the Report of the Magistrate Judge (docket no. 20) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Jerry Broseh is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **1** day of **June, 2012.**

_____
Ron Clark, United States District Judge